UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAIA FALCONI-SACHS | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 12-1356 (RJL) |
| LPF SENATE SQUARE, LLC, et. al. | ) |
| Defendant, | ) |

MEMORANDUM OPINION

(August 27, 2013) [Dkt. #21]

On January 29, 2013, I granted plaintiff Maia Falconi-Sachs' Motion to Remand this case to Superior Court for the District of Columbia ("Superior Court"). *See* Jan. 29, 2013 Mem. Order [Dkt #20]. Plaintiff now moves this Court pursuant to 28 U.S.C. § 1447(c) to order defendants to pay reasonable attorney's fees incurred by plaintiffs as a result of defendants' removal of this case to federal court. *See* Pl.'s Mot. for Attorney's Fees [Dkt. #21]. Upon consideration of the parties' pleadings and the entire record herein, the Court GRANTS plaintiff's Motion for Attorney's Fees. Determination of what amount should be awarded shall be referred to Magistrate Judge John M. Facciola pursuant to Local Rule 72.2.

1

## BACKGROUND

On June 27, 2012, plaintiff filed a complaint in Superior Court against defendants, LPF Senate Square, LLC and Bozzuto Management Company, LLC, making claims which arise out of her residence at the Senate Square Apartment community in Washington, District of Columbia.[1]  Plaintiff's complaint sought compensatory damages, statutory damages, punitive damages, declaratory relief, injunctive relief, and reasonable attorney's fees and court costs, but explicitly disclaimed damages of any type beyond $74,999.  *See* Compl. [Dkt. #4-3], ¶¶ 39, 153, 160, 171, 181, 188, 196, 202.  On August 16, 2012, defendants removed the case to this Court.  *See* Notice of Removal [Dkt. #1]. On August 23, 2012, Defendants filed a Motion to Dismiss based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  *See* Def.'s Mot. to Dismiss [Dkt. #4].  On January 29, I granted plaintiff's Motion to Remand and denied defendant's Motion to Dismiss as moot.  *See* Jan. 29, 2013 Mem. Order.

## STANDARD OF REVIEW

Courts have discretion under 28 U.S.C. § 1447(c) to award attorney's fees incurred as a result of improper removal.  Such an award is proper where the removing party lacked "an objectively reasonable basis" for seeking removal.  *See Knop v. Mackall*, 645 F. 3d. 381, 382 (D.C. Cir. 2011).  The removing party bears the burden of proof in removal actions, *see Hood v. F. Hoffman-La Roche, Ltd.*, 639 F. Supp. 2d 25, 28 (D.D.C.

---

[1] Senate Square is owned by LPF and managed by Bozzuto

2

2009), and must overcome the strong presumption that a case brought in state court does not meet the amount-in-controversy requirement for federal diversity jurisdiction, *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). Doubts regarding the existence of subject-matter jurisdiction are resolved in favor of remand. *See District of Columbia v. 2626 Naylor Road, S.E. Wash., D.C. 20020*, 763 F. Supp. 2d 5, 7 (D.D.C. 2011).

## ANALYSIS

The defendants here lacked an objectively reasonable basis for seeking removal of this case to federal court. Plaintiff's cause of action clearly does not meet the amount-in-controversy requirement for federal diversity jurisdiction. The complaint explicitly disclaimed damages *of any type* over $74,999. *See* Compl. ¶ 39. Pursuing removal in the face of this disclaimer was objectively unreasonable. Put simply, the non-removability of the case should have been obvious to defendants.

28 U.S.C. § 1447(c) provides for payment of "just costs" and any expenses and fees "incurred as a result of the removal." A fee award is the just result in this case and will serve Congress' intent to deter the improper removal of cases. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Defendants' removal of this case was a waste of time, money, and judicial resources. It delayed the resolution of this case by more than five months. Plaintiff's counsel not only had to prepare a Motion to Remand, billing 24.52 hours on this task, but also spent 31.81 hours briefing defendants' Motion to

Dismiss and 12.37 hours briefing plaintiff's fee petition. *See* Mot. for Attorney's Fees, n. 10. I will refer to Magistrate Judge John M. Facciola the determination of a reasonable fee award under the circumstances presented by this case.

## CONCLUSION

Upon consideration of the parties' pleadings and the entire record herein, the Court GRANTS plaintiff's Motion for Attorney's Fees. Determination of what amount should be awarded shall be referred to Magistrate Judge John M. Facciola pursuant to Local Rule 72.2.

RICHARD J. LEON
United States District Judge